STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

[redacted] 05 219S

CCL CUSTOM MANUFACTURING, INC.,

Plaintiff

C.A. No. 05-1862

v.

HILLDRUP COMPANIES, INC., a/k/a HILLDRUP TRANSFER AND STORAGE, INC., GRIFFITH TRUCKING, INC., d/b/a BROADWAY EXPRESS, and POLYPACK, INC.,

Defendants

## COMPLAINT

1. Plaintiff CCL Custom Manufacturing, Inc. ("CCL") is a corporation duly organized under the laws of the State of Texas, with a principal place of business in Cumberland, Rhode Island.

2. Defendant Hilldrup Companies, Inc., also or formerly known as Hilldrup Transfer and Storage, Inc. ("Hilldrup") is a Virginia corporation with a place of business in Stafford, Virginia.

3. Defendant Griffith Trucking, Inc., d/b/a Broadway Express ("Broadway Express"), is an Illinois corporation with a place of business in Effingham, Illinois.

4. Defendant Polypack, Inc. ("Polypack") is a Florida corporation with a place of business in Pinellas Park, Florida.

Filed 4-13-05

BLISH & CAVANAGH
COUNSELLORS AT LAW
COMMERCE CENTER
30 EXCHANGE TERRACE
PROVIDENCE, RI 02903-1765
(401) 831-8900
FAX (401) 751-7542

5. Jurisdiction is proper in that the amount in controversy as to each defendant exceeds $10,000, and defendants have sufficient minimum contacts with the State of Rhode Island to make them amenable to suit in this Court.

6. Venue is proper, in that the plaintiff has a place of business in Providence County, Rhode Island, the contracts between the parties were established and/or carried out therein, and the property damage which is the subject of this action was discovered and occurred in part therein.

7. On or about May 10, 2004, CCL agreed to purchase a Shrink Wrapping Machine, Model CMB32DHL and associated parts (the "Machine") from Polypack, at a cost of $198,831. The Machine was purchased by CCL to replace less efficient equipment, reduce labor costs, and provide capability to pack different configurations of products.

8. On or about September 1, 2004, after inspection and testing, CCL authorized the Machine for transport to its facility in Rhode Island.

9. Upon recommendation of Polypack, CCL sought to have the Machine transported to its facility by truck by Hilldrup. On or about September 1, 2004, Hilldrup provided a written estimate of $3,200 to transport the Machine from Polypack's facility in Pinellas Park, Florida to CCL's facility in Cumberland, Rhode Island, which included the cost to insure the transported items up to $250,000. The quote also included "driver assisted loading," an "air ride," and "straps and pads." A true copy of said estimate is affixed hereto as Exhibit A.

10. In or about September 2004, CCL contracted with Hilldrup to transport the Machine in accordance with the terms of the foregoing estimate. Thereafter, upon information

and belief, Hilldrup entered into one or more subcontracts, as a result of which Broadway Express transported the Machine from Florida to Rhode Island.

11. On or about September 7, 2004, Broadway Express issued a "Bill of Lading" for the transportation of the Machine. A true copy of said Bill of Lading is affixed hereto and incorporated herein as Exhibit B.

12. From approximately September 8, 2004 to September 10, 2004, Broadway Express transported the Machine by truck from Florida to Rhode Island. Upon said truck's arrival at CCL's facility on or about September 10, 2005, it was discovered that the Machine had sustained substantial damage during transport.

13. Because of the damage sustained to the Machine, CCL refused to accept delivery of the Machine at its facility. After Polypack refused to accept return of the Machine, Broadway Express indicated that the truck was needed in Illinois, and upon information and belief, Broadway Express then transported the Machine to Illinois.

14. Ultimately, Polypack accepted the Machine for appraisal and repair of the damage, and consequently Broadway Express transported the Machine by truck from Illinois back to Polypack's Florida facility.

15. Polypack repaired the Machine, at a cost of $24,757, which CCL paid to Polypack.

16. In or about September 2004, CCL submitted a claim form and supporting documents to Hilldrup for compensation for the damage to the Machine and associated expenses.

17. After Hilldrup denied responsibility, and claimed that Broadway Express was responsible for the damage to the Machine, CCL sought compensation from Broadway Express.

18. After initially refusing to do so, Broadway Express ultimately agreed to place a claim with its insurance carrier for the damage to the Machine, provided that CCL pay the initial freight charge of $3,200 for the transport of the Machine from Florida to Rhode Island. After CCL paid $3,200, Broadway Express then demanded that the second freight charge be paid by CCL for the transport from CCL's Rhode Island facility to Illinois and from Illinois to Polypack, in the amount of $3,838, which CCL also paid.

19. Thereafter, Broadway Express's insurance carrier denied coverage for the claim for damage to the Machine and associated expenses, and asserted that Polypack is responsible for said damage, based upon its conclusion that Polypack's employees negligently loaded the Machine onto Broadway Express's truck for its transportation to Rhode Island.

20. To date, Polypack, Broadway, and Hillldrup have all denied liability for the damage to the Machine, and have failed and refused to pay CCL compensation for the damage to the Machine or associated expenses.

COUNT I

21. CCL realleges and incorporates by reference paragraphs 1 through 20 of the Complaint as if fully alleged herein.

22. According to the terms of CCL's contract with Hilldrup, Hilldrup expressly agreed to provide driver assisted loading, straps and pads, and insurance which would pay for any damage caused to the Machine during transport of the Machine by truck to CCL's facility in Rhode Island.

23. Hilldrup breached said contract, in that Hilldrup failed to provide driver assisted loading, failed to provide straps in good working order, and failed to provide said insurance for the transport of the Machine to CCL's facility.

24. As a direct and proximate result of Hilldrup's breach as aforesaid, CCL incurred property damage to the Machine, expenses for the repair, associated engineering, transportation, and other expenses, and lost profits.

25. There is no justiciable issue of fact or law, and pursuant to R.I. GEN. LAWS § 9-1-45, therefore, CCL is entitled to recover its reasonable attorneys' fees incurred in bringing and prosecuting this action.

COUNT II

26. CCL realleges and incorporates by reference paragraphs 1 through 25 of the Complaint as if fully alleged herein.

27. In transporting the Machine by truck, it was the duty of Broadway Express, its agents, servants, and employees, to use due and reasonable care.

28. Broadway Express was negligent in its transportation of the Machine from Florida to Rhode Island. More specifically, upon information and belief, Broadway Express failed to implement straps and pads to secure the Machine for transport which were in good working order.

29. As a direct and proximate result of Broadway Express's negligence as aforesaid, CCL incurred property damage to the Machine, expenses for the repair, associated engineering, transportation, and other expenses, and lost profits.

COUNT III

30. CCL realleges and incorporates by reference paragraphs 1 through 29 of the Complaint as if fully alleged herein.

31. In loading the Machine onto the truck for transport, it was the duty of PolyPack, its agents, servants, and employees, to use due and reasonable care.

32. Polypack was negligent in its loading of the Machine on the truck for transport from Florida to Rhode Island.

33. As a direct and proximate result of Polypack's negligence as aforesaid, CCL incurred property damage to the Machine, expenses for the repair, associated engineering, transportation, and other expenses, and lost profits.

WHEREFORE, plaintiff CCL demands judgment as follows:

(1) against defendant Hilldrup in the amount of $53,510.90, plus statutory interest, costs, attorneys' fees, and such other and further relief as this Court deems meet and just;

(2) against defendant Broadway Express in the amount of $53,510.90, plus statutory interest, costs, attorneys' fees, and such other and further relief as this Court deems meet and just;

(3) against defendant Polypack in the amount of $53,510.90, plus statutory interest, costs, attorneys' fees, and such other and further relief as this Court deems meet and just;

(4) punitive damages against defendants Hilldrup, Broadway Express, and Polypack, as this Court and/or a jury may deem appropriate; and

(5) such other and further relief as this Court may deem appropriate.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Plaintiff,

CCL CUSTOM MANUFACTURING, INC.
By its attorneys,

Mary C. Dunn

Karen A. Pelczarski, Esq. #3357
Mary Cavanagh-Dunn #6712
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, Rhode Island 02903
(401) 831-8900
(401) 751-7542 telefax