1Cr:SH 5/19/05 05 083

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

CCL CUSTOM MANUFACTURING, INC.

VS

HILLDRUP COMPANIES, INC., a/k/a HILLDRUP TRANSFER & STORAGE INC., GRIFFITH TRUCKING, INC., d/b/a BROADWAY EXPRESS AND POLYPACK, INC.

C. CA 05 219S

(Providence Superior Court
C. A. No. 05-1862)

**NOTICE OF REMOVAL**

Defendant GRIFFITH TRUCKING, INC. d/b/a BROADWAY EXPRESS (hereinafter "Griffith Trucking") by and through its attorneys, KIERNAN, PLUNKETT & REDIHAN, hereby gives notice of the removal of the action filed in the Rhode Island Superior Court, C. A. No. 05-1682 to United States District Court, pursuant to 28 U.S.C. § 1441 *et seq.* and states as follows:

1. Plaintiff CCL CUSTOM MANUFACTURING, INC. ("CCL") commenced this action by serving a Summons and Complaint on defendants on or about April 20, 2005. That Complaint, represents all pleadings and orders that Griffith Trucking has received in this action to date. A true and correct copy of the foregoing pleadings are annexed, see Exhibit "A," the Complaint.

2. This notice is filed in a timely manner within the time period provided by 28 U.S.C. § 1446(b) and Rule 81(c) of the Federal Rules of Civil Procedure.

3. No appearance has been entered on behalf of codefendants Polypack, Inc. and Hilldrup Companies, Inc. as of the date of this Petition. Plaintiff's counsel represented that at least one of these codefendants has requested an extension to answer or appear in this matter. Counsel for Griffith Trucking requested the identity of the counsel for the respective codefendants from plaintiff's counsel both by telephone call and fax letter on May 17, 2005. A copy of the letter to plaintiff's counsel is annexed as Exhibit B. No response has been received as of yet.

2

4. In the Complaint, the plaintiffs alleges damage and/or loss to a shrink wrapping machine during an interstate shipment from Polypack's facility in the State of Florida to plaintiff's business in Rhode Island. See Exhibit A.

5. The plaintiffs' Complaint alleges damages in the amount of $53,510.90 plus "punitive damages" versus all defendants. Therefore, this action further meets the jurisdictional requirements of 28 U.S.C. § 1337 because the amount in controversy exceeds $10,000 exclusive of interests and costs. See Plaintiff's Complaint Exhibit A.

6. Accordingly, the above-described action is a civil action for alleged damage to or loss of property during a shipment over which the Interstate Commerce Commission has jurisdiction and which may now be removed to this Court by defendants, pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1441. There is a federal question presented, pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §§13101, *et seq.*, and therefore this is a matter over which this Court has jurisdiction pursuant to 28 U.S.C. §1331 and which may be removed under 28 U.S.C. § 1441.

7. The above-described action is an action over which this Court has exclusive jurisdiction pursuant to the Interstate Commerce Act, 49 U.S.C. §§ 13101, *et seq.* and the Carmack Amendment to the Interstate Commerce Act, primarily codified at 49 U.S.C. § 14706 ("the Act"). Defendant Griffith Trucking is engaged in the business of land motor shipment of property and is a carrier and a motor carrier within the meaning of the Act, and is involved in interstate commerce pursuant to the Act. As such, all plaintiffs' claims are necessarily federal in character because they fall with that category of state law claims which have been completely and expressly preempted pursuant to the Act. Accordingly, this Court has exclusive jurisdiction of all the plaintiffs' common law causes of action enumerated in the Complaint.

8. A copy of this Notice of Removal will be promptly served upon all other parties and filed with the clerk of Rhode Island Superior Court, Providence SC., in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, defendant Griffith Trucking respectfully gives notice that the action now pending against it in the Rhode Island State Superior Court, Providence SC., has been removed therefrom to this Court.

**KIERNAN, PLUNKETT & REDIHAN**

Thomas C. Plunkett (1662)
The Remington Building
91 Friendship Street
Providence, RI 02903
Telephone: (401) 831-2900

To Karen A. Pelczarski, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated: May 19, 2005

# EXHIBIT A

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

[redacted] 05 219 S

CCL CUSTOM MANUFACTURING, INC.,

Plaintiff

v.

C.A. No. 05-1862

HILLDRUP COMPANIES, INC., a/k/a HILLDRUP TRANSFER AND STORAGE, INC., GRIFFITH TRUCKING, INC., d/b/a BROADWAY EXPRESS, and POLYPACK, INC.,

Defendants

## COMPLAINT

1. Plaintiff CCL Custom Manufacturing, Inc. ("CCL") is a corporation duly organized under the laws of the State of Texas, with a principal place of business in Cumberland, Rhode Island.

2. Defendant Hilldrup Companies, Inc., also or formerly known as Hilldrup Transfer and Storage, Inc. ("Hilldrup") is a Virginia corporation with a place of business in Stafford, Virginia.

3. Defendant Griffith Trucking, Inc., d/b/a Broadway Express ("Broadway Express"), is an Illinois corporation with a place of business in Effingham, Illinois.

4. Defendant Polypack, Inc. ("Polypack") is a Florida corporation with a place of business in Pinellas Park, Florida.

Claim ed

Filed 4-13-05 [illegible]

BLISH & CAVANAGH
COUNSELLORS AT LAW
COMMERCE CENTER
30 EXCHANGE TERRACE
PROVIDENCE, RI 02903-1765
(401) 831-8900
FAX (401) 751-7542

5. Jurisdiction is proper in that the amount in controversy as to each defendant exceeds $10,000, and defendants have sufficient minimum contacts with the State of Rhode Island to make them amenable to suit in this Court.

6. Venue is proper, in that the plaintiff has a place of business in Providence County, Rhode Island, the contracts between the parties were established and/or carried out therein, and the property damage which is the subject of this action was discovered and occurred in part therein.

7. On or about May 10, 2004, CCL agreed to purchase a Shrink Wrapping Machine, Model CMB32DHL and associated parts (the "Machine") from Polypack, at a cost of $198,831. The Machine was purchased by CCL to replace less efficient equipment, reduce labor costs, and provide capability to pack different configurations of products.

8. On or about September 1, 2004, after inspection and testing, CCL authorized the Machine for transport to its facility in Rhode Island.

9. Upon recommendation of Polypack, CCL sought to have the Machine transported to its facility by truck by Hilldrup. On or about September 1, 2004, Hilldrup provided a written estimate of $3,200 to transport the Machine from Polypack's facility in Pinellas Park, Florida to CCL's facility in Cumberland, Rhode Island, which included the cost to insure the transported items up to $250,000. The quote also included "driver assisted loading," an "air ride," and "straps and pads." A true copy of said estimate is affixed hereto as Exhibit A.

10. In or about September 2004, CCL contracted with Hilldrup to transport the Machine in accordance with the terms of the foregoing estimate. Thereafter, upon information

and belief, Hilldrup entered into one or more subcontracts, as a result of which Broadway Express transported the Machine from Florida to Rhode Island.

11. On or about September 7, 2004, Broadway Express issued a "Bill of Lading" for the transportation of the Machine. A true copy of said Bill of Lading is affixed hereto and incorporated herein as Exhibit B.

12. From approximately September 8, 2004 to September 10, 2004, Broadway Express transported the Machine by truck from Florida to Rhode Island. Upon said truck's arrival at CCL's facility on or about September 10, 2005, it was discovered that the Machine had sustained substantial damage during transport.

13. Because of the damage sustained to the Machine, CCL refused to accept delivery of the Machine at its facility. After Polypack refused to accept return of the Machine, Broadway Express indicated that the truck was needed in Illinois, and upon information and belief, Broadway Express then transported the Machine to Illinois.

14. Ultimately, Polypack accepted the Machine for appraisal and repair of the damage, and consequently Broadway Express transported the Machine by truck from Illinois back to Polypack's Florida facility.

15. Polypack repaired the Machine, at a cost of $24,757, which CCL paid to Polypack.

16. In or about September 2004, CCL submitted a claim form and supporting documents to Hilldrup for compensation for the damage to the Machine and associated expenses.

17. After Hilldrup denied responsibility, and claimed that Broadway Express was responsible for the damage to the Machine, CCL sought compensation from Broadway Express.

18. After initially refusing to do so, Broadway Express ultimately agreed to place a claim with its insurance carrier for the damage to the Machine, provided that CCL pay the initial freight charge of $3,200 for the transport of the Machine from Florida to Rhode Island. After CCL paid $3,200, Broadway Express then demanded that the second freight charge be paid by CCL for the transport from CCL's Rhode Island facility to Illinois and from Illinois to Polypack, in the amount of $3,838, which CCL also paid.

19. Thereafter, Broadway Express's insurance carrier denied coverage for the claim for damage to the Machine and associated expenses, and asserted that Polypack is responsible for said damage, based upon its conclusion that Polypack's employees negligently loaded the Machine onto Broadway Express's truck for its transportation to Rhode Island.

20. To date, Polypack, Broadway, and Hilldrup have all denied liability for the damage to the Machine, and have failed and refused to pay CCL compensation for the damage to the Machine or associated expenses.

COUNT I

21. CCL realleges and incorporates by reference paragraphs 1 through 20 of the Complaint as if fully alleged herein.

22. According to the terms of CCL's contract with Hilldrup, Hilldrup expressly agreed to provide driver assisted loading, straps and pads, and insurance which would pay for any damage caused to the Machine during transport of the Machine by truck to CCL's facility in Rhode Island.

23. Hilldrup breached said contract, in that Hilldrup failed to provide driver assisted loading, failed to provide straps in good working order, and failed to provide said insurance for the transport of the Machine to CCL's facility.

24. As a direct and proximate result of Hilldrup's breach as aforesaid, CCL incurred property damage to the Machine, expenses for the repair, associated engineering, transportation, and other expenses, and lost profits.

25. There is no justiciable issue of fact or law, and pursuant to R.I. GEN. LAWS § 9-1-45, therefore, CCL is entitled to recover its reasonable attorneys' fees incurred in bringing and prosecuting this action.

COUNT II

26. CCL realleges and incorporates by reference paragraphs 1 through 25 of the Complaint as if fully alleged herein.

27. In transporting the Machine by truck, it was the duty of Broadway Express, its agents, servants, and employees, to use due and reasonable care.

28. Broadway Express was negligent in its transportation of the Machine from Florida to Rhode Island. More specifically, upon information and belief, Broadway Express failed to implement straps and pads to secure the Machine for transport which were in good working order.

29. As a direct and proximate result of Broadway Express's negligence as aforesaid, CCL incurred property damage to the Machine, expenses for the repair, associated engineering, transportation, and other expenses, and lost profits.

COUNT III

30. CCL realleges and incorporates by reference paragraphs 1 through 29 of the Complaint as if fully alleged herein.

31. In loading the Machine onto the truck for transport, it was the duty of PolyPack, its agents, servants, and employees, to use due and reasonable care.

32. Polypack was negligent in its loading of the Machine on the truck for transport from Florida to Rhode Island.

33. As a direct and proximate result of Polypack's negligence as aforesaid, CCL incurred property damage to the Machine, expenses for the repair, associated engineering, transportation, and other expenses, and lost profits.

WHEREFORE, plaintiff CCL demands judgment as follows:

(1) against defendant Hilldrup in the amount of $53,510.90, plus statutory interest, costs, attorneys' fees, and such other and further relief as this Court deems meet and just;

(2) against defendant Broadway Express in the amount of $53,510.90, plus statutory interest, costs, attorneys' fees, and such other and further relief as this Court deems meet and just;

(3) against defendant Polypack in the amount of $53,510.90, plus statutory interest, costs, attorneys' fees, and such other and further relief as this Court deems meet and just;

(4) punitive damages against defendants Hilldrup, Broadway Express, and Polypack, as this Court and/or a jury may deem appropriate; and

(5) such other and further relief as this Court may deem appropriate.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Plaintiff,

CCL CUSTOM MANUFACTURING, INC.
By its attorneys,

Karen A. Pelczarski, Esq. #3357
Mary Cavanagh-Dunn #6712
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, Rhode Island 02903
(401) 831-8900
(401) 751-7542 telefax

09-01-2004 WED 04:04 FAX

EXHIBIT A

Hilldrup Moving & Storage 750 Central Florida Parkway • Orlando, Florida, 32824 • 407-851-3040 • Fax 407-856-0586.

ISO 9001 Certified

# FAX MINI-QUOTE

( REVISED 2 )

DATE: 9/1/04

TO: MR. CARLOS RAMIREZ FAX#: 401/334-4191

COMPANY: CCL CUSTOM MFG'R # OF PAGES: 1

FROM: KEN DEARING
HILLDRUP UNITED
PHONE: 800/327-2042 FAX #: 407/856-0586

THANK YOU FOR ALLOWING US THE OPPORTUNITY TO PROVIDE YOU WITH THE FOLLOWING TRANSPORTATION ESTIMATE FOR THE SHIPMENT WE DISCUSSED. WE APPRECIATE THE CONFIDENCE YOU HAVE EXPRESSED IN OUR SERVICES, AND IF WE ARE GIVEN THE OPPORTUNITY TO HANDLE THIS MOVE, WE WILL WORK TO ENSURE THAT YOU RECEIVE THE BEST SERVICE AVAILABLE IN THE INDUSTRY.

COMMODITY TO BE SHIPPED: MANUFACTURED PACKAGING EQUIP

ORIGIN: POLYPACK - PINELLAS PARK, FLA

DESTINATION: CUMBERLAND, RHODE ISLAND 02864

LOAD DATE: 9/8/04 DELIVERY DATE: Direct

ESTIMATED COST: $ 3200.00 VALUATION: $250,000 - STD CARGO

COMMENTS: AIR RIDE, PADS + STRAPS, TRUCK LOAD, DRIVER ASSIST, DOCK -> DOCK

SHOULD YOU HAVE ANY QUESTIONS WITH REGARDS TO THIS ESTIMATE, PLEASE CONTACT US TOLL FREE AT: 800/327-1042. WE LOOK FORWARD TO THE OPPORTUNITY TO SERVE YOU.

UNITED Van Lines

EXHIBIT B

ATTACHMENT II

# BROADWAY EXPRESS

A Division Of
GRIFFITH TRUCKING, INC.
1901-A Evergreen Drive
Effingham, IL 62401
(217) 347-5900

I.C.C. 207522
IL. I.C.C. 83289 MC-CR

STRAIGHT BILL OF LADING

DATE: 9-7-04

| | | | |
|---|---|---|---|
| Shipper Polly Pak | Phone 727-578-50 | Consignee CCL Custom Mfg. | |
| Origin Address 3301 Gateway Center | | Delivery Address Meretta St. | |
| City Pinellas Park | State FL Zip Code | City Cumberland | State RI Zip Code |
| Contact Name COREY | Phone | Contact Name [illegible] | Phone 401-333-[illegible] Ext. 289 |

## SERVICE REQUESTED

| | | | | |
|---|---|---|---|---|
| 24 Hours Notice Required | | XTRA P.U. | Address | |
| SHIPMENT CATEGORY | | | State | Contact |
| Pick-Up Date Or Spread | Delivery Date Or Spread | XTRA DEL | Address | |
| | | | State | Contact |

| No. Shipping Units | | Kind Of Packaging, Description of Articles, Special Marks and Exceptions | Weight (Subject to Correction) | Rate | CHARGES |
|---|---|---|---|---|---|
| | | machines | | | |
| | | Damaged - Returned to | | | |
| | | polly Pak | | | |
| | | | | | |
| | | Considerable damage on all four sides of machine | | | |
| | | bits and Peaces Picked From Floor. Machine was not | | | |
| | | unloaded and returned after safely securing it. | | | |

## HAUL INFORMATION

(Billy ? P Young)

| Date | Contractor Or Agent Code No. | Equipment No. | Name Of Hauler | From | To |
|---|---|---|---|---|---|
| | | | | 09-10-04 | |
| 9-7-04 | | 5704-1537 | Broadway Exp. | Pinellas Park FL | Cumberland RI |

I Accept That This Load Has been Secured by CCL Custom MFG. and was Refused Due To Damage During Transport/was Not Secured Properly From polly pak

C.O.D. Amt: $ C.O.D. FEE:

NOTE: Where the rate is dependent on value, Shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ ____ per ____

This is to certify that the above named materials are properly classified, described, packaged, marked, and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

Signature

Subject to Section 7 of the conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

Signature of Consignor

COLLECT ☐
CHARGE ☐

RECEIVED, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of this Bill of Lading, the property described above in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated above which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said property over all or any portion of said route to destination and as to each party at any time interested in all or any said property, that every service to be performed hereunder shall be subject to all the bill of lading terms and conditions in the governing classification on the date of shipment.
Shipper hereby certifies that he is familiar with all the bill of lading terms and conditions in the governing classification and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

| SIGNATURES | TOTAL CHARGES TO BE BILLED $ |
|---|---|
| Services Shown Herein Rendered and Shipment Was Received In Good Condition Except As Noted Hereon. | Invoices To: |
| ORIGIN / DESTINATION | Charges Authorized To: |
| X (Shipper Signature) X (Consignee Signature) | Address |
| X (Carrier or Authorized Agent) X (Carrier or Authorized Agent) | City |
| | State Zip Contact Code |

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 05-1862

CCL CUSTOM MANUFACTURING, INC., Plaintiff
v.
HILLDRUP COMPANIES, INC., a/k/a HILLDRUP TRANSFER AND STORAGE, INC., GRIFFITH TRUCKING, INC., d/b/a BROADWAY EXPRESS and POLYPACK, INC. Defendant

**Summons**

*To the above-named Defendant:* GRIFFITH TRUCKING, INC. d/b/a BROADWAY EXPRESS

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Karen A. Pelczarski, Esquire #3357 Plaintiff's attorney, whose address is Blish & Cavanagh, LLP, 30 Exchange Terrace, Providence, Rhode Island 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]

CLERK

Dated: April 20, 2005

(Seal of the Superior Court)

S-135 (REV. 10/00)

# EXHIBIT B

CHRON

**DOMBROFF & GILMORE, P.C.**

MIAMI, FL
WASHINGTON, D.C.
CHICAGO, IL

40 BROAD STREET • SUITE 2000
NEW YORK, NEW YORK 10004-2382

TELEPHONE
(212) 742-8450
TELECOPIER
(212) 742-0161

PLEASE RESPOND TO
New York

WRITER'S DIRECT DIAL NUMBER
(212) 742-8450

May 17, 2005

**VIA FACSIMILE**

Karen Pelczarski, Esq.
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, R.I. 02903

Re: CCL Custom Manufacturing, Inc. v. Hilldrup Companies, Inc. et al.
R.I. Superior Court Civ. No. 05-1862

Dear Ms. Pelczarski:

Per our telephone call today, I would be grateful if plaintiff could fax me the names and addresses of attorneys who have written to plaintiff on behalf of (1) Polypack, Inc. and (2) Hilldrup Companies.

Thank you in advance.

Sincerely,

Sarah L. Fifield

cc: Thomas Plunkett, Esq.

*55128*

TCP:SH 5/19/05 05 083

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

CA 05 219 S

CCL CUSTOM MANUFACTURING, INC.

VS

C. A. NO.

HILLDRUP COMPANIES, INC., a/k/a HILLDRUP TRANSFER & STORAGE INC., GRIFFITH TRUCKING, INC., d/b/a BROADWAY EXPRESS AND POLYPACK, INC.

(Providence Superior Court C. A. No. 05-1862)

**GRIFFITH TRUCKING, INC. D/B/A BROADWAY EXPRESS CORPORATE DISCLOSURE STATEMENT**

Pursuant to the governing Federal Rules of Civil Procedure as well as the Local Rules for the District of Rhode Island and to enable judges and magistrates of the Court to evaluate possible disqualification or recusal, the undersigned attorneys of record for defendant Griffith Trucking, Inc. d/b/a Broadway Express certifies that the foregoing business has no corporate parents, subsidiaries, or other corporate affiliates.

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
The Remington Building
91 Friendship Street
Providence, RI 02903
Telephone: (401) 831-2900

To Karen A. Pelczarski, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated: May 19, 2005