05 08. . CP:SH 5/24/05

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

CCL CUSTOM MANUFACTURING, INC.

VS C. A. NO. 05 219S

HILLDRUP COMPANIES, INC., a/k/a
HILLDRUP TRANSFER & STORAGE
INC., GRIFFITH TRUCKING, INC., d/b/a
BROADWAY EXPRESS AND
POLYPACK, INC.

**ANSWER OF DEFENDANT, GRIFFITH TRUCKING, INC.
D/B/A BROADWAY EXPRESS AND CROSSCLAIM**

As and for an Answer to plaintiff's Complaint with Cross Claims, defendant GRIFFITH TRUCKING, INC. d/b/a BROADWAY EXPRESS hereby states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Denies the allegations contained in paragraph 3 except admits that Griffith Trucking is an Illinois corporation, doing business in the State of Illinois.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the

3

allegations in paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Denies the allegations in paragraph 11 except admits that a Bill of Lading for the transportation of certain equipment was issued on or about September 7, 2004, a copy of which is annexed hereto as Exhibit A.

12. Denies the allegations in paragraph 12 except admits that Griffith Trucking transported certain equipment from Florida to Rhode Island pursuant to a duly issued Bill of Lading..

13. Denies the allegations contained in paragraph 13 except admits that, following the plaintiff's refusal to accept delivery, Griffith Trucking did transport the plaintiff's cargo to its facility in Illinois.

14. Denies the allegations in paragraph 14 except admits that Griffith Trucking did transport the plaintiff's cargo to the State of Florida.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

**COUNT I.**

21. Griffith Trucking repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "20" in response hereto as though fully set forth at length herein.

22. The allegations in paragraph 22 are not directed toward Griffith Trucking and thus no response is required. To the extent facts are alleged against Griffith Trucking, they are

denied.

23. The allegations in paragraph 23 are not directed toward Griffith Trucking and thus no response is required. To the extent facts are alleged against Griffith Trucking, they are denied.

24. The allegations in paragraph 24 are not directed toward Griffith Trucking and thus no response is required. To the extent facts are alleged against Griffith Trucking, they are denied.

25. Denies the allegations contained in paragraph 25.

**COUNT II.**

26. Griffith Trucking repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "25" in response hereto as though fully set forth at length herein.

27. Denies the factual allegations set forth in 27 and refers all legal questions to the Court for determination.

28. Denies the allegations in paragraph 28.

29. Denies the allegation in paragraph 29.

**COUNT III.**

30. Griffith Trucking repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "29" in response hereto as though fully set forth at length herein.

31. The allegations in paragraph 31 are not directed toward Griffith Trucking and thus no response is required. To the extent facts are alleged against Griffith Trucking, they are denied.

32. The allegations in paragraph 32 are not directed toward Griffith Trucking and thus no response is required. To the extent facts are alleged against Griffith Trucking, they are denied.

33. The allegations in paragraph 33 are not directed toward Griffith Trucking and thus no response is required. To the extent facts are alleged against Griffith Trucking, they are denied.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. The Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. The Court lacks jurisdiction over the person for failure to properly effect service of process on this defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. All or part of the damages allegedly sustained by the plaintiff was caused in whole or in part by the culpable conduct of the plaintiff, and plaintiff's damages, if any, should be diminished in accordance with that degree of culpability and fault.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. All or part of the damages allegedly sustained by the plaintiff was caused solely by the separate, independent and/or negligent actions or inactions of third persons over whom defendant Griffith Trucking exercised no control and, therefore, said actions or inactions bar or diminish plaintiffs claim for damages against this defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38. Plaintiff assumed the risk of any alleged damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39. All of plaintiff's damages, if any, are limited in accordance with the limitations of liability set forth in all applicable bills of lading. (A true and accurate copy of the Bill of Lading is annexed as Exhibit A).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims, if any, are preempted by, and subject exclusively to, the terms, conditions and limitations imposed under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 11707 et seq.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

41. The rights and obligations of the parties are subject to the terms and limitations of the contract between the parties.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42. The rights and obligations of the parties are subject to the terms, conditions and

limitations of the applicable tariff.

Wherefore, defendantGRIFFITH TRUCKING, INC. D/B/A BROADWAY EXPRESS demands judgment against plaintiff on all of its claims and dismissing the complaint with prejudice.

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN

**AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS HILLDRUP TRANSFER & STORAGE AND POLYPACK,INC.**

43. If the plaintiff was caused to sustain the damages set forth in the complaint through any negligence or acts, omissions and/or breaches of duty other than the plaintiff's own, such damages were sustained in whole or in part by reason of the acts, omissions and/or breaches of duty of HILLDRUP TRANSFER & STORAGE and POLYPACK,INC. If there is any verdict or judgment recovered against GRIFFITH TRUCKING, GRIFFITH TRUCKING will be damaged thereby and HILLDRUP TRANSFER & STORAGE and POLYPACK,INC. will be bound to indemnify GRIFFITH TRUCKING for the entire amount of any such recovery or for such proportionate share thereof as is attributable to the culpable conduct and breach of duty by HILLDRUP TRANSFER & STORAGE and POLYPACK,INC.

**WHEREFORE,** defendant Griffith Trucking, Inc. d/b/a Broadway Express demands judgment against the said co-defendants on its crossclaims, plus interest and costs.

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
The Remington Building
91 Friendship Street
Providence, RI 02903
Telephone: (401) 831-2900

To Karen A. Pelczarski, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

Lee H. Rightmyer, Esq.
Carlton, Fields - Attys at Law
One Progress Avenue
200 Central Avenue, Suite 2300
St. Petersburg, FL 33731 2861

John T.Husk, Esq.
Law Office of Seaton & Husk
2240 Gallows Road
Vienna, VA 22182

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated: May 24, 2005

S Harrison

EXHIBIT A

ATTACHMENT II

# BROADWAY EXPRESS

A Division Of
GRIFFITH TRUCKING, INC.
1901-A Evergreen Drive
Effingham, IL 62401
(217) 347-5900

I.C.C. 207522
IL. I.C.C. 83289 MC-CR

STRAIGHT BILL OF LADING

DATE: 9-7-04

Shipper: Polly Pak | Phone: 727-5?8-5?? | Consignee: CCL Custom MFG
Origin Address: 3301 Gateway Centre | Delivery Address: Mathis St.
City: Pinellas Park | State: FL | Zip Code | City: Cumberland | State: RI | Zip Code
Contact Name: COREY | Phone | Contact Name: Marcos | Phone: 401-333-5?00 Ext. 554

SERVICE REQUESTED

| | | | |
|---|---|---|---|
| 24 Hours Notice Required | | XTRA P.U. | Address / State / Contact |
| SHIPMENT CATEGORY | | | |
| Pick-Up Date Or Spread | Delivery Date Or Spread | XTRA DEL | Address / State / Contact |

| No. Shipping Units | | Kind Of Packaging, Description of Articles, Special Marks and Exceptions | Weight (Subject to Correction) | Rate | CHARGES |
|---|---|---|---|---|---|
| | | machines | | | |
| | | Damaged – Returned to polly pak | | | |
| | | Considerable damage on all four sides of machine | | | |
| | | bits and Peaces Picked From Floor. Machine was not | | | |
| | | unloaded and returned after safely securing it. | | | |

Charles P Young 09-10-04

HAUL INFORMATION

| Date | Contractor Or Agent Code No. | Equipment No. | Name Of Hauler | From | To |
|---|---|---|---|---|---|
| 9-7-04 | | 5704-1537 | Broadway Exp. | Pinellas Park FL | Cumberland RI |

I Accept That This load Has been Secured by CCL custom MFG. and WAS Refused Due To Damage During Transport/was Not Secured Properly From polly pak

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding ___ per ___

This is to certify that the above named materials are properly classified, described, packaged, marked, and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Signature

C.O.D. Amt: $

Subject to Section 7 of the conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. Signature of Consignor

C.O.D. FEE:
COLLECT ☐
CHARGE ☐

RECEIVED, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of this Bill of Lading, the property described above in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated above which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said property over all or any portion of said route to destination and as to each party at any time interested in all or any said property, that every service to be performed hereunder shall be subject to all the bill of lading terms and conditions in the governing classification on the date of shipment. Shipper hereby certifies that he is familiar with all the bill of lading terms and conditions in the governing classification and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

SIGNATURES

Services Shown Herein Rendered and Shipment Was Received In Good Condition Except As Noted Hereon.

ORIGIN | DESTINATION
X (Shipper Signature) | X (Consignee Signature)
X (Carrier Authorized Agent) | X (Carrier Authorized Agent)

TOTAL CHARGES TO BE BILLED $
Invoices To:
Charges Authorized To:
Address
City
State | Zip | Contact Code: