UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CCL CUSTOM MANUFACTURING, INC. :
Plaintiff, :
:
v. : C.A. No. 05-219S
:
HILLDRUP COMPANIES, INC., a/k/a :
HILLDRUP TRANSFER AND STORAGE :
INC., GRIFFITH TRUCKING, INC., d/b/a :
BROADWAY EXPRESS and :
POLYPACK, INC., :
Defendants. :

**ANSWER AND CROSS-CLAIMS OF DEFENDANT POLYPACK, INC.**

Now comes Defendant Polypack, Inc. ("Polypack") and answers the Complaint in this matter as follows:

1. Polypack denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 1 of the Plaintiff's Complaint.

2. Polypack denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 2 of the Plaintiff's Complaint.

3. Polypack denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 3 of the Plaintiff's Complaint.

4. Admitted.

5. Denied.

6. Denied.

7. Polypack admits the allegations contained within the first sentence of Paragraph 7 of the Plaintiff's Complaint. Polypack denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within the second sentence of Paragraph 7 of the Plaintiff's Complaint.

8. Admitted.

9. Polypack denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 9 of the Plaintiff's Complaint.

10. Polypack denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 10 of the Plaintiff's Complaint.

11. Polypack denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 11 of the Plaintiff's Complaint.

12. Polypack denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 12 of the Plaintiff's Complaint.

13. Denied.

14. Polypack admits that it accepted the machine for appraisal and repair of the damage and that the machine was shipped to Polypack's Florida facility.

15. Admitted.

16. Polypack denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 16 of the Plaintiff's Complaint.

17. Polypack denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 17 of the Plaintiff's Complaint.

18. Polypack denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 18 of the Plaintiff's Complaint.

19. Polypack denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 19 of the Plaintiff's Complaint.

20. Polypack admits that it has denied liability for the damage to the machine and denies knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 20 of the Plaintiff's Complaint

## COUNT I

21. Polypack repeats and restates its responses to Paragraphs 1 through 20 of the Plaintiff's Complaint as if fully set forth herein.

22. As the allegations of Paragraph 22 do not pertain to Polypack, it offers no response thereto.

23. As the allegations of Paragraph 23 do not pertain to Polypack, it offers no response thereto.

24. As the allegations of Paragraph 24 do not pertain to Polypack, it offers no response thereto.

25. As the allegations of Paragraph 25 do not pertain to Polypack, it offers no response thereto.

## COUNT II

26. Polypack repeats and restates its responses to Paragraphs 1 through 25 of the Plaintiff's Complaint as if fully set forth herein.

27. As the allegations of Paragraph 27 do not pertain to Polypack, it offers no response thereto.

28. As the allegations of Paragraph 28 do not pertain to Polypack, it offers no response thereto.

29. As the allegations of Paragraph 29 do not pertain to Polypack, it offers no response thereto.

## COUNT III

30. Polypack repeats and restates its responses to Paragraphs 1 through 29 of the Plaintiff's Complaint as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the economic loss doctrine.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is preempted by the Carmack Amendment to the Interstate Commerce Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the specific terms of the contract between it and Polypack, which, among other things, provided that Plaintiff was responsible for shipment of the machine in question.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails, as any damage caused to the machine was the result of actions by parties not under the control of Polypack.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate its damages.

**SEVENTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over the dispute at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over Polypack.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to name an indispensable party.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its own contributory and/or comparative negligence.

WHEREFORE, Polypack, Inc. demands that the Complaint against it be dismissed and that it be awarded its attorneys' fees pursuant to *R.I.G.L.* § 9-1-45, its costs and such further relief as the Court deems just and appropriate.

**CROSS-CLAIM AGAINST HILDRUP COMPANIES, INC., A/K/A/ HILDRUP TRANSFER AND STORAGE, INC.**

Now comes Polypack, and for its Cross-Claim against Hildrup Companies, Inc., a/k/a Hildrup Transfer and Storage, Inc. ("Hildrup"), alleges as follows:

1. Upon information and belief, Plaintiff CCL entered into an agreement with Hildrup to ship the machine at issue in this lawsuit (the "Machine") to CCL in Cumberland, Rhode Island.

2. Hildrup was responsible for the loading and shipment of the Machine to CCL.

3. In the event that Plaintiff CCL prevails on its claim against Polypack, Hildrup is liable to it for any and all claims for damage to the Machine under principles of contribution and indemnity.

WHEREFORE, Defendant Polypack, Inc. demands judgment against Hildrup awarding Polypack $53,510.90 plus costs and attorneys' fees, and granting such further relief as the Court deems just and appropriate.

**CROSS-CLAIM AGAINST GRIFFITH TRUCKING, INC., a/k/a/ BROADWAY EXPRESS**

Now comes Polypack, and for its Cross-Claim against Griffith Trucking, Inc., d/b/a Broadway Express ("Griffith"), alleges as follows:

1. Upon information and belief, Plaintiff CCL entered into an agreement with Griffith to ship the Machine to CCL in Cumberland, Rhode Island.

2. Griffith was responsible for the loading and shipment of the Machine to CCL.

3. In the event that Plaintiff CCL prevails on its claim against Polypack, Griffith is liable to it for any and all claims for damage to the Machine under principles of contribution and indemnity.

WHEREFORE, Defendant Polypack, Inc. demands judgment against Griffith awarding Polypack $53,510.90 plus costs and attorneys' fees, and granting such further relief as the Court deems just and appropriate.

POLYPACK, INC.,

By Its Attorneys,

Charles S. Beal (#5559)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: June 17, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2005, a true copy of the within was sent, via first-class mail, postage prepaid, to the following:

Karen A. Pelczarski, Esq.
Mary Cavanagh-Dunn, Esq.
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903

Thomas C. Plunkett, Esq.
Kiernan, Plunkett & Redihan
The Remington Building
91 Friendship Street
Providence, RI 02903

Jason C. Preciphs, Esq.
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903-2808

G:\csb\Polypack\pldgs-USDC\answer.doc