**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC., Plaintiff | : | |
| v. | : | C.A. No. 05-219S |
| HILLDRUP COMPANIES, INC., a/k/a HILLDRUP TRANSFER AND STORAGE, INC., GRIFFITH TRUCKING, INC., d/b/a BROADWAY EXPRESS, and POLYPACK, INC., Defendants | : | |

## FIRST AMENDED COMPLAINT

1. Plaintiff, KIK Custom Products, Inc., formerly known as CCL Custom Manufacturing, Inc., is a corporation duly organized under the laws of the State of Texas, with a principal place of business in Cumberland, Rhode Island.

2. Defendant Hilldrup Companies, Inc., also or formerly known as Hilldrup Transfer and Storage, Inc. ("Hilldrup") is a Virginia corporation with a place of business in Stafford, Virginia.

3. Defendant Griffith Trucking, Inc., d/b/a Broadway Express ("Broadway Express"), is an Illinois corporation with a place of business in Effingham, Illinois.

4. Defendant Polypack, Inc. ("Polypack") is a Florida corporation with a place of business in Pinellas Park, Florida.

BLISH & CAVANAGH
COUNSELLORS AT LAW
COMMERCE CENTER
30 EXCHANGE TERRACE
PROVIDENCE, RI 02903-1765
(401) 831-8900
FAX (401) 751-7542

5. This Court has jurisdiction over the subject matter of this action pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C.§ 14706, and 28 U.S.C. § § 1331 and 1367. This Court also has personal jurisdiction over the defendants in that each defendant has minimal contacts with the State of Rhode Island to be amenable to the jurisdiction of this Court.

6. Venue is proper, in that the plaintiff has a place of business in Providence County, Rhode Island, the contracts between the parties were established and/or carried out therein, and the property damage which is the subject of this action was discovered and occurred in part therein.

7. On or about May 10, 2004, Plaintiff agreed to purchase a Shrink Wrapping Machine, Model CMB32DHL and associated parts (the "Machine") from Polypack, at a cost of $198,831. The Machine was purchased by Plaintiff to replace less efficient equipment, reduce labor costs, and provide capability to pack different configurations of products.

8. On or about September 1, 2004, after inspection and testing, Plaintiff authorized the Machine for transport to its facility in Rhode Island.

9. Upon recommendation of Polypack, Plaintiff sought to have the Machine transported to its facility by truck by Hilldrup. On or about September 1, 2004, Hilldrup provided a written estimate of $3,200 to transport the Machine from Polypack's facility in Pinellas Park, Florida to Plaintiff's facility in Cumberland, Rhode Island, which included the cost to insure the transported items up to $250,000. The quote also included "driver assisted loading," an "air ride," and "straps and pads." A true copy of said estimate is affixed hereto as Exhibit A.

10. In or about September 2004, Plaintiff contracted with Hilldrup to transport the Machine in accordance with the terms of the foregoing estimate. Thereafter, upon information and

belief, Hilldrup entered into one or more subcontracts, as a result of which Broadway Express transported the Machine from Florida to Rhode Island.

11. On or about September 7, 2004, Broadway Express issued a "Bill of Lading" for the transportation of the Machine. A true copy of said Bill of Lading is affixed hereto and incorporated herein as Exhibit B.

12. From approximately September 8, 2004 to September 10, 2004, Broadway Express transported the Machine by truck from Florida to Rhode Island. Upon said truck's arrival at Plaintiff's facility on or about September 10, 2005, it was discovered that the Machine had sustained substantial damage during transport.

13. Because of the damage sustained to the Machine, Plaintiff refused to accept delivery of the Machine at its facility. After Polypack refused to accept return of the Machine, Broadway Express indicated that the truck was needed in Illinois, and upon information and belief, Broadway Express then transported the Machine to Illinois.

14. Ultimately, Polypack accepted the Machine for appraisal and repair of the damage, and consequently Broadway Express transported the Machine by truck from Illinois back to Polypack's Florida facility.

15. Polypack repaired the Machine, at a cost of $24,757, which Plaintiff paid to Polypack.

16. In or about September 2004, Plaintiff submitted a claim form and supporting documents to Hilldrup for compensation for the damage to the Machine and associated expenses.

17. After Hilldrup denied responsibility, and claimed that Broadway Express was responsible for the damage to the Machine, Plaintiff sought compensation from Broadway Express.

18. After initially refusing to do so, Broadway Express ultimately agreed to place a claim with its insurance carrier for the damage to the Machine, provided that Plaintiff pay the initial freight charge of $3,200 for the transport of the Machine from Florida to Rhode Island. After Plaintiff paid $3,200, Broadway Express then demanded that the second freight charge be paid by Plaintiff for the transport from Plaintiff's Rhode Island facility to Illinois and from Illinois to Polypack, in the amount of $3,838, which Plaintiff also paid.

19. Thereafter, Broadway Express's insurance carrier denied coverage for the claim for damage to the Machine and associated expenses, and asserted that Polypack is responsible for said damage, based upon its conclusion that Polypack's employees negligently loaded the Machine onto Broadway Express's truck for its transportation to Rhode Island.

20. To date, Polypack, Broadway, and Hillldrup have all denied liability for the damage to the Machine, and have failed and refused to pay Plaintiff compensation for the damage to the Machine or associated expenses.

COUNT I

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of the Complaint as if fully alleged herein.

22. According to the terms of Plaintiff's contract with Hilldrup, Hilldrup expressly agreed to provide driver assisted loading, straps and pads, and insurance which would pay for any damage caused to the Machine during transport of the Machine by truck to Plaintiff's facility in Rhode Island.

23. Hilldrup breached said contract, in that Hilldrup failed to provide driver assisted loading, failed to provide straps in good working order, and failed to provide said insurance for the transport of the Machine to Plaintiff's facility.

24. As a direct and proximate result of Hilldrup's breach as aforesaid, Plaintiff incurred property damage to the Machine, expenses for the repair, associated engineering, transportation, and other expenses, and lost profits.

25. There is no justiciable issue of fact or law, and pursuant to R.I. GEN. LAWS § 9-1-45, therefore, Plaintiff is entitled to recover its reasonable attorneys' fees incurred in bringing and prosecuting this action.

COUNT II

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 of the Complaint as if fully alleged herein.

27. In transporting the Machine by truck, it was the duty of Broadway Express, its agents, servants, and employees, to use due and reasonable care.

28. Broadway Express was negligent in its transportation of the Machine from Florida to Rhode Island. More specifically, upon information and belief, Broadway Express failed to implement straps and pads to secure the Machine for transport which were in good working order.

29. As a direct and proximate result of Broadway Express's negligence as aforesaid, Plaintiff incurred property damage to the Machine, expenses for the repair, associated engineering, transportation, and other expenses, and lost profits.

COUNT III

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of the Complaint as if fully alleged herein.

31. In loading the Machine onto the truck for transport, it was the duty of PolyPack, its agents, servants, and employees, to use due and reasonable care.

32. Polypack was negligent in its loading of the Machine on the truck for transport from Florida to Rhode Island.

33. As a direct and proximate result of Polypack's negligence as aforesaid, Plaintiff incurred property damage to the Machine, expenses for the repair, associated engineering, transportation, and other expenses, and lost profits.

COUNT IV

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 of the Complaint as if fully alleged herein.

35. As set forth above, the Machine was damaged and sustained actual loss or injury during interstate transport to Plaintiff.

36. Defendants Hilldrup, Broadway Express and Polypack are carriers jointly and severally liable to Plaintiff for the actual loss or injury to the Machine pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C.§ 14706.

WHEREFORE, Plaintiff demands judgment as follows:

(1) against defendant Hilldrup in the amount of $53,510.90, plus statutory interest, costs, attorneys' fees, and such other and further relief as this Court deems meet and just;

(2) against defendant Broadway Express in the amount of $53,510.90, plus statutory interest, costs, attorneys' fees, and such other and further relief as this Court deems meet and just;

(3) against defendant Polypack in the amount of $53,510.90, plus statutory interest, costs, attorneys' fees, and such other and further relief as this Court deems meet and just;

(4) punitive damages against defendants Hilldrup, Broadway Express, and Polypack, as this Court and/or a jury may deem appropriate; and

(5) such other and further relief as this Court may deem appropriate.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Plaintiff,

KIK CUSTOM PRODUCTS, INC., f/k/a/
CCL CUSTOM MANUFACTURING, INC.,

By its attorneys,

______________________________

Karen A. Pelczarski, Esq. #3357
Mary Cavanagh Dunn #6712
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, Rhode Island 02903
(401) 831-8900
(401) 751-7542 telefax

**CERTIFICATE OF SERVICE**

I hereby certify that on this ____ day of ______, 2005, I caused a true copy of the within *First Amended Complaint* to be mailed, postage prepaid to:

Thomas C. Plunkett, Esquire (#1662)
Kiernan, Plunkett & Redihan
The Remington Building
91 Friendship Street
Providence, Rhode Island 02903

Charles S. Beal, Esquire (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, Rhode Island 02903

Jason C. Preciphs, Esquire (#6727)
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903-2808

John T. Husk, Esquire
Law Office of Seaton & Husk
2240 Gallows Road
Vienna, VA 22182

Sarah L. Fifield
Dombroff & Gilmore
40 Broad Street
Suite 2000
New York, NY 10004-2381

______________________________

**EXHIBIT A**

Hilldrup Moving & Storage
750 Central Florida Parkway • Orlando, Florida, 32824 • 407-851-3040 • Fax 407-856-0586

( REVISED 2 )

DATE: 9/1/04

TO: MR. CARLOS RAMIREZ FAX#: 401/334-4191

COMPANY: CCL CUSTOM MFGR # OF PAGES: 1

FROM: *KEN DEARING*
*HILLDRUP UNITED*
*PHONE: 800/327-2042 FAX #: 407/856-0586*

THANK YOU FOR ALLOWING US THE OPPORTUNITY TO PROVIDE YOU WITH THE FOLLOWING TRANSPORTATION ESTIMATE FOR THE SHIPMENT WE DISCUSSED. WE APPRECIATE THE CONFIDENCE YOU HAVE EXPRESSED IN OUR SERVICES, AND IF WE ARE GIVEN THE OPPORTUNITY TO HANDLE THIS MOVE, WE WILL WORK TO ENSURE THAT YOU RECEIVE THE BEST SERVICE AVAILABLE IN THE INDUSTRY.

COMMODITY TO BE SHIPPED: MANUFACTURED PACKAGING EQUIP

ORIGIN: POLYPACK – PINELLAS PARK, FLA

DESTINATION: CUMBERLAND, RHODE ISLAND 02864

LOAD DATE: 9/8/04 DELIVERY DATE: Direct

ESTIMATED COST: $ 3200.00 VALUATION: $250,000 – STD CARGO

COMMENTS: AIR RIDE, PADS + STRAPS, TRUCK LOAD, DRIVER ASSIST, DOCK → DOCK

SHOULD YOU HAVE ANY QUESTIONS WITH REGARDS TO THIS ESTIMATE, PLEASE CONTACT US TOLL FREE AT: **800/327-1042.** WE LOOK FORWARD TO THE OPPORTUNITY TO SERVE YOU.

EXHIBIT B

# BROADWAY EXPRESS

A Division Of
GRIFFITH TRUCKING, INC.
1901-A Evergreen Drive
Effingham, IL 62401
(217) 347-5900

I.C.C. 207522
IL. I.C.C. 83289 MC-CR

STRAIGHT BILL OF LADING

DATE: 9-7-04

| | | | |
|---|---|---|---|
| Shipper: Polly PAK | Phone: 727-578-5000 | Consignee: CCL Custom MFG. | |
| Origin Address: 3301 Gateway Center | | Delivery Address: Martin St. | |
| City: Pinellas Park | State: FL Zip Code: | City: Cumberland | State: RI Zip Code: |
| Contact Name: COREY | Phone: | Contact Name: [illegible] | Phone: 401-333-4200 EXT. 584 |

## SERVICE REQUESTED

| | | | |
|---|---|---|---|
| 24 Hours Notice Required | | XTRA P.U. | Address: State: Contact: |
| SHIPMENT CATEGORY | | | |
| Pick-Up Date Or Spread | Delivery Date Or Spread | XTRA DEL. | Address: State: Contact: |

| No. Shipping Units | | Kind Of Packaging, Description of Articles, Special Marks and Exceptions | Weight (Subject To Correction) | Rate | CHARGES |
|---|---|---|---|---|---|
| | | machines | | | |
| | | Damaged – Returned to polly PAK | | | |
| | | Considerable damage on all four sides of machine bits and Peaces Picked From Floor. MACHINE WAS NOT UNLOADED AND RETURNED AFTE SAFELY SECURING IT. | | | |

[signature] 09-10-04

## HAUL INFORMATION

| Date | Contractor Or Agent Code No. | Equipment No. | Name Of Hauler | From | To |
|---|---|---|---|---|---|
| 9-7-04 | | 5704-1537 | Broadway Exp. | Pinellas Park FL | Cumberland RI |

I Accept That This load Has been Secured by CCL custom mFG. and WAS Refused Due To Damage During TRANSPORT/WAS Not Secured Properly From polly pak

C.O.D. Amt: $

C.O.D. FEE:

COLLECT ☐
CHARGE ☐

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ ________ per ________

This is to certify that the above named materials are properly classified, described, packaged, marked, and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

Signature ________

Subject to Section 7 of the conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

Signature of Consignor

RECEIVED, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of this Bill of Lading, the property described above in apparent good order, except as noted [illegible]

SIGNATURES

Services Shown Herein Rendered and Shipment Was Received In Good Condition Except As Noted Hereon.

ORIGIN: X [signature] (Shipper Sign Here) X [signature] (Carrier or Authorized Agent)

DESTINATION: X [signature] (Consignee Sign Here) X [signature] (Carrier or Authorized Agent)

TOTAL CHARGES TO BE BILLED $

Invoices To:
Charges Authorized To:
Address
City
State Zip Contract Code: