05 083

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

CCL CUSTOM MANUFACTURING, INC.

VS C. A. NO. 05 219S

HILLDRUP COMPANIES, INC., a/k/a
HILLDRUP TRANSFER & STORAGE
INC., GRIFFITH TRUCKING, INC., d/b/a
BROADWAY EXPRESS AND
POLYPACK, INC.

OBJECTION OF DEFENDANT GRIFFITH TRUCKING, INC.
d/b/a BROADWAY EXPRESS TO PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT

Now comes the defendant Griffith Trucking, Inc. d/b/a Broadway Express and objects in part to plaintiff's Motion to Amend the complaint. Said defendant relies on the attached memorandum.

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
The Remington Building
91 Friendship Street
Providence, RI 02903
Telephone: (401) 831-2900

SARAH FIFIELD, ESQ.
DOMBROFF & GILMORE
40 Broad Street, Suite 2000
New York, NY 10004
Telephone: (212) 742-8450

To Karen A. Pelczarski, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

John T.Husk, Esq.
Law Office of Seaton & Husk
2240 Gallows Road
Vienna, VA 22182

Charles S. Beal, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

Jason C. Preciphs, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated: August 31, 2005 Barbara Brown

05 083

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

CCL CUSTOM MANUFACTURING, INC.

VS C. A. NO. 05 219S

HILLDRUP COMPANIES, INC., a/k/a
HILLDRUP TRANSFER & STORAGE
INC., GRIFFITH TRUCKING, INC., d/b/a
BROADWAY EXPRESS AND
POLYPACK, INC.

**MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT**

Defendant Griffith Trucking d/b/a Broadway Express " Griffith Trucking", as and for its Memorandum of Law in Partial Opposition to plaintiff's Motion to Amend the Complaint, to the extent it includes Count II regarding Griffith Truck's "Negligence" in connection with this claim hereby states as follows:

**STATEMENT OF MATERIAL FACTS**

1. On or about September 1, 2004, Plaintiff contracted with Hilldrup to have a shrink wrapping machine shipped interstate from its origin at Polypack, Inc., the manufacturer, in Florida to plaintiff's facility in the State of Rhode Island.

2. Hilldrup retained Griffith Trucking to haul the shipment interstate. At the time of the shipment, the parties' relationship was governed by a comprehensive

contract of carriage entitled "Bill of Lading," a true copy of which is annexed hereto as **Exhibit A.** The bill of lading, by incorporation, set forth specific dollar limitations of liability as permitted by the governing Carmack Amendment 49 U.S.C. Sect. 14706. Specifically, the bill of lading states that the load is received as follows:

> "Received subject to the classifications and lawfully filed tariffs in effect on the date of the issue of this Bill of Lading, the property described above in apparent good order, except as noted (contents and condition of contents of packages unknown) marked, consigned and destined as indicated above . . . . It is mutually agreed as to each carrier of all or any of said property and all or any portion of said route to destination and as to each party at any time . . . that every service to be performed hereunder shall be subject to all the bill of lading terms and conditions in the governing classification on the date of shipment. "

See Exhibit A, annexed hereto, a copy of the bill of lading issued by Griffith Trucking.[1/] The limits of the carrier's liability to specific dollar amounts or otherwise are governed by the tariffs incorporated in the bill of lading. There is no provision in the bill of lading which permits any additional claims or additional recovery on the grounds of "negligence." Nor is there a provision in the bill of lading which in any way waives the applicability of the federal Carmack Amendment which preempts all common law and state law causes of action including negligence.

3. The dispute now before the court concerns a claim that the plaintiff's shrink wrap machine was allegedly damaged during the interstate transportation from Florida to Rhode Island.

---

1/ Griffith Trucking attaches a clean copy of its bill of lading hereto for the Court's convenience because the quality of the copy of the bill of lading which plaintiff attached as Exhibit A to its papers was inadequate.

4. As a result, this entire dispute concerns a shipment over which the Surface Transportation Board has jurisdiction pursuant to 49 U.S.C. Section 13501(1)(A), and over which the provisions of the Carmack Amendment 49 U.S.C. Section 14706 would govern.

## ARGUMENT

### I. AN INTERSTATE MOTOR CARRIER, GRIFFITH'S ACTIVITIES AND OPERATIONS ARE GOVERNED BY THE ICC TERMINATION ACT 49 U.S.C. SECTION 13501.

The Surface Transportation Board (formerly the Interstate Commerce Commission) has jurisdiction over transportation by motor carrier "and the procurement of that transportation" wherever the property is transported "between a place in . . . a State and a place in another State." 49 U.S.C. Sect. 13501. The Carmack Amendment applies to shipments over which the Surface Transportation Board has jurisdiction. See Swift Textiles, Inc. v. Watkins Motor Lines, Inc., 799 F.2d 697 (11th Cir. 1986); Chubb Group of Insurance Companies v. H.A. Transportation Systems, Inc., 243 F. Supp.2d 1064 (2002); Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 799 (4th Cir. 1992); Project Hope v. M/V IBN Sina, et al., 250 F.3d 67, 70-71, 73 (2d Cir. 2001).

The plaintiff's claims as alleged in the proposed First Amended Complaint arise from the procurement of the contract to ship plaintiff's machine, the physical transportation of the goods. Griffith Trucking is a "motor carrier" conducting operations in interstate commerce and providing "transportation" under the Act. See 49 U.S.C. Sect. 13102(12). Specifically, Griffith Trucking provides motor vehicle

transportation of the goods for compensation as defined in the Act. See 49 U.S.C. Sect. 13102(12).

## II. THE INTERSTATE COMMERCE ACT PREEMPTS ALL STATE AND COMMON LAW REMEDIES FOR LOSS OF GOODS MOVING IN INTERSTATE COMMERCE INCLUDING PLAINTIFF'S NEGLIGENCE CLAIMS VERSUS GRIFFITH TRUCKING.

Plaintiff's cause of action in negligence against Griffith Trucking is preempted by the federal Interstate Commerce Act as part of a national scheme of carrier liability for goods alleged to be damaged or lost in the course of interstate transportation. Federal law preempts state statutory and common law remedies when Congress expressly provides that the federal law supplants state authority in a particular field, or when its intent to do so may be inferred from a pervasive system of regulation which does not leave sufficient vacancy within which any state can act. See Louisiana Public Service Comm'n v. F.C.C., 476 U.S. 355, 368 (1986); Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947). Preemption may also be inferred where state legislation would impede the purposes and objectives of legislation enacted by Congress. See Hillsborough County v. Automated Medical Lab., Inc., 471 U.S. 707, 713 (1985).

The United States Supreme Court has repeatedly ruled that the Interstate Commerce Act manifests Congress' clear intention to create a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of

lading. A prime Supreme Court ruling on this subject is Adams Express Co. v. Croninger, 226 U.S. 491 (1913), where the Court held that:

> "Almost every detail of the subject [of the liability of a carrier under a bill of lading] is covered so completely [by the Interstate Commerce Act] that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it."

Id. The Supreme Court restated this broad view of preemption of claims against a common carrier in numerous cases following Adams Express. See Chicago, R I & P R Co. v. Cramer, 232 U.S. 490 (1914); Barrett v. City of New York, 232 U.S. 14 (1914); Atchison, T. & S.F. Ry. Co. v. Harold, 241 U.S. 371 (1916); Missouri Pac. R. Co. v. Porter, 273 U.S. 341 (1927); New York, N.H. & Hartford R. Co. v. Nothnagle, 346 U.S. 128 (1953).

Every United States court of appeals that has considered the issue has similarly concluded that the ICCTA[2/] preempts a shipper's common law and state statutory

---

[2/]The Interstate Commerce Act [the "Carmack Amendment"] was amended and recodified effective January 1, 1996. Prior to this recodification, the Interstate Commerce Commission was given jurisdiction under 49 U.S.C. § 10521 over all shipments of goods in interstate commerce through a motor common carrier. See 49 U.S.C. § 10521(a)(1)(A)(West 1995). Pursuant to the I.C.C. Termination Act, the Interstate Commerce Commission was abolished and jurisdiction over interstate shipment of property was transferred to the Surface Transportation Board pursuant to 49 U.S.C. § 13501.

claims for loss of goods moving in interstate commerce through a common carrier. See Intech, Inc. v. Consolidated Freightways, Inc., 836 F.2d 672, 677 (1st Cir. 1987) (First Circuit Court rejects the plaintiff's state law claims as completely preempted by the federal Act as the damage to plaintiff's property occurred during the transportation and thus, the suit is "nothing more than an action for damages against the delivering carrier" for which "the [Interstate Commerce Act] provides the exclusive remedy."); North American Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229, 234 (2d Cir. 1978) ("Congress has created a broad, comprehensive scheme covering interstate shipment of freight, aimed at preventing preferential treatment among shippers and establishing national equality of rates and services"); Ting-Hwa Shao v. Link Cargo Limited, 986 F.2d 700, 706 (4th Cir. 1993) ("the [Interstate Commerce Act] was intended by Congress to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost or damaged in shipment"); Air Products and Chemicals, Inc. v. Illinois Central Gulf R. Co., 721 F.2d 483, 487 (5th Cir. 1983) ("Congress intended by the [Interstate Commerce Act] to provide a uniform national remedy against carriers for breach of the contract of carriage, including a liability for default in any common-law duty as a common carrier"), cert. denied sub nom, Illinois Central Gulf R. Co. v. Air Products and Chemical. Inc., 469 U.S. 832 (1984); W.D. Lawson & Co. v. Penn Cent. Co., 456 F.2d 419, 421 (6th Cir. 1972) ("as to... whether or not the [Interstate Commerce Act] preempted common law suits of the nature of the first count stated in this case..., we

---

In the recodification of the Interstate Commerce Act, the general jurisdiction provisions of 49 U.S.C. § 10521(a)(1)(A) were transferred to 49 U.S.C. § 13501.

hold that it did."); Hughes v. United Van Lines, Inc., 829 F.2d 1407, 1415 (7th Cir. 1987)("the remedy provision of the [Interstate Commerce Act] preempts all state and common law remedies inconsistent with the Interstate Commerce Act"), cert. denied, 485 U.S. 913 (1988); Hopper Furs, Inc. v. Emery Air Freight Corp., 749 F.2d 1261, 1264 (8th Cir. 1984) ("all actions against a common carrier... are governed by the federal statute"); Hughes Aircraft Co. v. North American Van Lines, 970 F.2d 609, 613 (9th Cir. 1992) ("it is clear that the [Interstate Commerce Act] established a uniform national liability policy for interstate carriers" which "preempts any state common law action against [a carrier] acting solely as a common carrier").

According to the numerous decisions cited herein, including that of the First Circuit Court of Appeals, state law and common law claims such as those raised in Plaintiff's amended complaint are preempted by the ICC Termination Act and should not be allowed. The Supreme Court has specifically ruled that the Act is comprehensive enough to cover "all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation...." Georgia, Florida & Alabama Ry. v. Blish Milling Co., 241 U.S. 190, 196 (1916). The foregoing ruling is evidence that the Supreme Court was concerned that claimants would undermine the purpose and aims of the Act by denominating their claims as "negligence" or "breach of contract" claims in State law and thereby obliterate the national and uniform scheme of claims for damage arising out of interstate transportation. See Neal v. Republic Airlines, Inc., 605 F. Supp. 1145 (N.D. Ill. 1985) and Starmakers Pub. Corp. v. Acme Fast Freight, Inc., 615 F. Supp. 787 (S.D.N.Y. 1985).

When the First Circuit encountered state law claims in the case of Intech, Inc. v. Consolidated, supra, plaintiff's breach of contract claims were rejected as preempted by the Act. 836 F.2d 672, 677 (1st Cir. 1987). This case is not distinguishable. The case at bar is a prime example of the plaintiff including a negligence claim in State law in an effort to evade the national scheme providing uniform damages for this Carmack Claim.

## CONCLUSION

For the foregoing reasons, the plaintiff's state law and common law claims against Griffith Trucking are barred, and thus, plaintiff's Motion to Amend the Complaint should be denied to the extent that the claims of negligence against Griffith Trucking set forth in Count II are included. To the extent that plaintiff's seeks to file an Amended Complaint which does not include state law and/or common law claims and is confined to damages under the Carmack Amendment, Griffith Trucking does not object.

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
The Remington Building
91 Friendship Street
Providence, RI 02903
Telephone: (401) 831-2900

Sarah Fifield, Esq.
DOMBROFF & GILMORE
40 Broad Street, Suite 2000
New York, NY 10004
Telephone: (212) 742-8450

# BROADWAY EXPRESS

A Division Of

**GRIFFITH TRUCKING, INC.**

I.C.C. 207522
IL. I.C.C. 83289 MC-CR

1901-A Evergreen Drive
Effingham, IL 62401
(217) 347-5900

**STRAIGHT BILL OF LADING**

DATE: 9-7-04

| | | | |
|---|---|---|---|
| Shipper: Polly PAK | Phone: 727-578-5000 | Consignee: CCL Custom MFG | |
| Origin Address: 3301 Gateway Center | | Delivery Address: Martha St. | |
| City: Pinellas Park | State: FL Zip Code | City: Cumberland | State: RI Zip Code |
| Contact Name: Corey | Phone | Contact Name: Carlos | Phone: 401-333-4200 Ext. 259 |

## SERVICE REQUESTED

| | | | | |
|---|---|---|---|---|
| 24 Hours Notice Required | | XTRA P.U. | Address | |
| | | | State | Contact |
| SHIPMENT CATEGORY | | XTRA DEL. | Address | |
| Pick-Up Date Or Spread | Delivery Date Or Spread | | State | Contact |

| No. Shipping Units | | Kind Of Packaging, Description of Articles, Special Marks and Exceptions | Weight (Subject To Correction) | Rate | CHARGES |
|---|---|---|---|---|---|
| | | machines | | | |
| | | Damaged - Returned to | | | |
| | | polly PAK | | | |

Considerable damage on all four sides of machine bits and peaces picked from floor. MACHINE WAS NOT UNLOADED AND RETURNED AFTER SAFELY SECURING IT.

[signature]

## HAUL INFORMATION

| Date | Contractor Or Agent Code No. | Equipment No. | Name Of Hauler | From 09-10-04 | To |
|---|---|---|---|---|---|
| 9-7-04 | | 5704-1537 | Broadway Exp. | Pinellas Park FL | Cumberland RI |

I Accept That this load Has been secured by CCL custom mfG. and WAS Refused Due To Damage During TRANSPORT/WAS Not Secured Properly From polly pAK

**C.O.D.** Amt: $

**C.O.D. FEE:**

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.
The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding
$ ________ per ________

This is to certify that the above named materials are properly classified, described, packaged, marked, and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

Signature ________

Subject to Section 7 of the conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:
The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

________
Signature of Consignor

COLLECT ☐
CHARGE ☐

RECEIVED, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of this Bill of Lading, the property described above in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated above which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said property over all or any portion of said route to destination and as to each party at any time interested in all or any said property, that every service to be performed hereunder shall be subject to all the bill of lading terms and conditions in the governing classification on the date of shipment.

Shipper hereby certifies that he is familiar with all the bill of lading terms and conditions in the governing classification and the said terms and condition are hereby agreed to by the shipper and accepted for himself and his assigns.

## SIGNATURES

Services Shown Herein Rendered and Shipment Was Received In Good Condition Except As Noted Hereon.

| ORIGIN | DESTINATION |
|---|---|
| X ________ (Shipper Sign Here) | X ________ (Consignee Sign Here) |
| X [signature] (Carrier or Authorized Agent) | X [signature] (Carrier or Authorized Agent) |

| | |
|---|---|
| TOTAL CHARGES TO BE BILLED | $ |
| Invoices To: | |
| Charges Authorized To: | |
| Address | |
| City | |
| State Zip | Contract Code: |

EXHIBIT A

To Karen A. Pelczarski, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

John T.Husk, Esq.
Law Office of Seaton & Husk
2240 Gallows Road
Vienna, VA 22182

Charles S. Beal, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

Jason C. Preciphs, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated: September 1, 2005 Barbara Brown