UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CCL CUSTOM MANUFACTURING, INC., Plaintiff, | : | |
| v. | : | CA 05-219 S |
| HILLDRUP COMPANIES, INC. a/k/a HILLDRUP TRANSFER AND STORAGE, INC., GRIFFITH TRUCKING, INC., d/b/a BROADWAY EXPRESS, and POLYPACK, INC., Defendants, | : | |

**ORDER**
**DENYING IN PART**
**AND GRANTING IN PART**
**MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Before the court is Plaintiff's Motion for Leave to File an Amended Complaint (Document #22) ("Motion to Amend"). Defendant Griffith Trucking, Inc., d/b/a Broadway Express ("Griffith Trucking") has filed an objection to the Motion to Amend to the extent that the proposed First Amended Complaint contains claims of negligence against Griffith. A hearing was held on September 15, 2005.

Griffith Trucking argues that Plaintiff's cause of action in negligence against Griffith Trucking is preempted by the federal Interstate Commerce Act as part of a national scheme of carrier liability for goods alleged to be damaged or lost in the course of interstate shipment. This objection is well founded. See Intech, Inc., v. Consol. Freightways, Inc., 836 F.2d 672, 677 (1st Cir. 1987) (rejecting plaintiff's state law claim for breach of contract for failure to unload because it was preempted by the Carmack Amendment to the Interstate Commerce Act which "provides the exclusive remedy for such a suit").

Accordingly, the Motion to Amend is denied to the extent that Plaintiff seeks to include state law claims of negligence

against Griffith Trucking.[1] In all other respects, the Motion to Amend is granted.

So Ordered.

ENTER:

David L. Martin
United States Magistrate Judge
September 15, 2005

BY ORDER:

Deputy Clerk

[1] The court recognizes that Count II of the proposed First Amended Complaint is the same as Count II of the existing Complaint. However, as a practical matter, it is pointless to require that Griffith Trucking wait until the Amended Complaint is filed before seeking to have this claim eliminated from the action. Doing so would needlessly increase the cost of this litigation.