IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KIK CUSTOM PRODUCTS, INC., f/k/a CCL CUSTOM MANUFACTURING, INC.

Plaintiff,

v.

C.A. No. 05-219S

HILLDRUP COMPANIES, INC. a/k/a HILLDRUP TRANSFER AND STORAGE, INC., GRIFFITH TRUCKING, INC., d/b/a BROADWAY EXPRESS, and POLYPACK, INC.

Defendants.

**DEFENDANT HILLDRUP COMPANIES, INC.'S**
**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Hilldrup Companies, Inc. (hereinafter referred to as "Hilldrup"), by and through Counsel, and for its Answer and Affirmative Defenses to Plaintiff KIK Custom Products, Inc. f/k/a CCL Custom Manufacturing, Inc.'s First Amended Complaint and states as follows:

1. Defendant Hilldrup admits the allegations contained in Paragraph 1 of the First Amended Complaint.

2. Defendant Hilldrup admits the allegations contained in Paragraph 2 of the First Amended Complaint.

3. Defendant Hilldrup admits the allegations contained in Paragraph 3 of the First Amended Complaint.

4. Defendant Hilldrup admits the allegations contained in Paragraph 4 of the First Amended Complaint.

5. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 5 of the First Amended Complaint and therefore denies same.

6. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 6 of the First Amended Complaint and therefore denies same.

7. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 7 of the First Amended Complaint and therefore denies same.

8. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 8 of the First Amended Complaint and therefore denies same.

9. Defendant Hilldrup denies the allegations contained in Paragraph 9 of the First Amended Complaint and demands strict proof thereof.

10. Defendant Hilldrup admits in part and denies in part the allegations contained in Paragraph 10. Hilldrup admits that it contracted as a federally licensed property broker to arrange for the transportation of the cargo. Hilldrup denies the remaining part of this paragraph.

11. Defendant Hilldrup admits the allegations contained in Paragraph 11 of the First Amended Complaint.

12. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 12 of the First Amended Complaint and therefore denies same.

13. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 13 of the First Amended Complaint and therefore denies same.

14. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 14 of the First Amended Complaint and therefore denies same.

15. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 15 of the First Amended Complaint and therefore denies same.

16. Defendant Hilldrup admits the allegations contained in Paragraph 16 of the First Amended Complaint.

17. Defendant Hilldrup admits the allegations contained in Paragraph 17 of the First Amended Complaint.

18. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 18 of the First Amended Complaint and therefore denies same.

19. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 19 of the First Amended Complaint and therefore denies same.

20. Defendant Hilldrup admits that it has denied liability for damage to the machine. Defendant can neither admit nor deny the remaining balance of the allegations contained in Paragraph 20 and therefore denies same.

**COUNT I**

21. Defendant Hilldrup restates and reincorporates its answers contained in Paragraph 1 through 20 as though fully set forth herein.

22. Defendant Hilldrup denies the allegations contained in Paragraph 22 of the First Amended Complaint and demands strict proof thereof.

23. Defendant Hilldrup denies the allegations contained in Paragraph 23 of the First Amended Complaint and demands strict proof thereof.

24. Defendant Hilldrup denies the allegations contained in Paragraph 24 of the First Amended Complaint and demands strict proof thereof.

25. Defendant Hilldrup denies the allegations contained in Paragraph 25 of the First Amended Complaint and demands strict proof thereof.

**COUNT II**

26. Defendant Hilldrup restates and reincorporates its answers contained in Paragraph 1 through 25 as though fully set forth herein.

27. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 27 of the First Amended Complaint and therefore denies same.

28. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 28 of the First Amended Complaint and therefore denies same.

29. Defendant Hilldrup can neither admit nor deny the allegations contained in Paragraph 29 of the First Amended Complaint and therefore denies same.

**COUNT III**

30. Defendant Hilldrup restates and reincorporates its answers contained in Paragraph 1 through 29 as though fully set forth herein.

31. Defendant Hilldrup denies the allegations contained in Paragraph 31 of the First Amended Complaint and demands strict proof thereof.

32. Defendant Hilldrup denies the allegations contained in Paragraph 32 of the First Amended Complaint and demands strict proof thereof.

WHEREFORE, Defendant Hilldrup demands Judgment as follows:

(1) That Judgment be entered against Plaintiff CCL Custom Manufacturing, Inc.;

(2) That Hilldrup recover its costs and attorney's fees; and

(3) For such other and further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

For its Affirmative Defenses, Defendant Hilldrup states as follows:

1. Defendant Hilldrup at all times here relevant was a federally licensed property broker, as defined by 49 U.S.C. 13102(2) and 49 C.F.R. 371 et seq. pursuant to authority issued to it by the Federal Motor Carrier Safety Administration.

2. To the extent that Hilldrup was involved in the shipment that is the subject matter of this litigation, Hilldrup merely arranged for the transportation by motor carrier of the goods for which Plaintiff seeks recovery.

3. Defendant Hilldrup, as a property broker, obtained on Plaintiff's behalf, a federally licensed motor carrier, Megatrux, Inc., to transport the load in question. Megatrux had in place cargo insurance.

4. Hilldrup contends that to the extent that Plaintiff's Complaint alleges state law claims including but not limited to Plaintiff's request for attorney's fees, all such state law claims are preempted by federal law, specifically the Carmack Amendment which governs Plaintiff's state law remedies against Hilldrup for loss or damage shipped under bill of lading contract.

5. Hilldrup asserts that any loss, damage or delay suffered by Plaintiff was caused by parties over whom Hilldrup had no control.

6. Hilldrup contends that whatever shipments were received for transportation were accepted in accordance with, and subject to, all terms and conditions of the contract of carriage, bill of lading contract, and any transportation agreement and the terms and conditions of the applicable governing publications or rules set forth therein, the tariffs of the carrier which collectively form the contract of carriage for the transportation of the shipment.

7. Hilldrup contends that to the extent that Plaintiff seeks special or consequential damages from Hilldrup, Hilldrup is not liable for same under any contractual agreement.

8. Hilldrup contends that pursuant to the terms and conditions of tariffs, rules and governing publications, Hilldrup's liability to the extent that it is a carrier, is limited to the declared value indicated in the tariffs, classifications and bill of lading contracts or otherwise is subject to limitations of liability stated in Hilldrup's governing publications.

9. Hilldrup contends that to the extent Plaintiff asserts liability on grounds of breach of contract, Plaintiff has failed to establish the existence or set forth the terms of said contract as required by law.

10. Hilldrup contends that any damage sustained by Plaintiff was caused by or due to the acts, omissions or neglect of the owner of the shipment, the shipper and/or their agents and resulted from acts, omissions, fault or neglect of persons or entities for which Hilldrup is neither responsible or liable.

WHEREFORE, Defendant Hilldrup demands Judgment as follows:

(1) That Judgment be entered against Plaintiff CCL Custom Manufacturing, Inc.;

(2) That Hilldrup recover its costs and attorney's fees; and

(3) For such other and further relief as this Court deems just and proper.

## CROSS-CLAIM AGAINST DEFENDANT
## GRIFFITH TRUCKING, INC. d/b/a BROADWAY EXPRESS

For its Cross-Claim against Defendant Griffith Trucking, Inc. d/b/a Broadway Express (hereinafter referred to as "Broadway Express") pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Defendant Hilldrup states as follows:

### Breach of Carmack Amendment

1. Defendant Hilldrup Transfer and Storage, Inc. (hereinafter referred to as "Hilldrup") is a federally licensed property broker at Docket NO. 387248.

2. Hilldrup, as a broker, arranges for transportation for compensation by motor carrier.

3. Plaintiff CCL Custom Manufacturing has filed cargo loss and damage claim against Hilldrup for alleged loss or damage to a machine transported by Broadway Express.

4. On September 7, 2004, Broadway Express was tendered a shipment by Polypack, Inc. in apparent good order and condition.

5. On September 10, 2003 Broadway attempted delivery at CCL Custom Manufacturing in Cumberland, Rhode Island. CCL rejected the shipment, claiming that the machine moved in damaged condition.

6. CCL Custom Manufacturing claims to be damaged in the amount of $53,510.90.

7. In the event that Plaintiff CCL prevails under its theory against Hilldrup, Hilldrup contends that Broadway is liable to it for any and all claims for damage to the cargo.

WHEREFORE, Defendant Hilldrup Transfer and Storage, Inc. demands Judgment against Defendant Broadway Express as follows:

(1) That Judgment be entered against Broadway Express pursuant to the Carmack Amendment in the amount of $53,510.90.

(2) That Hilldrup be awarded its costs and attorney's fees in this action; and

(3) That Hilldrup be awarded such other and further relief as this Court deems just and proper.

**CROSS-CLAIM AGAINST DEFENDANT POLYPACK, INC.**

For its Cross-Claim against Defendant Polypack, Inc. (hereinafter referred to as "Polypack") pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Defendant Hilldrup states as follows:

**I. Negligence**

1. Hilldrup was at all times here relevant a federally licensed property broker by authority issued to it by the Federal Motor Carrier Safety Administration at Docket No. 387248.

2. In the ordinary course of its business, Hilldrup arranges for transportation by motor carrier for compensation.

3. In the ordinary course of business, Hilldrup arranges for transportation for compensation for and on behalf of Polypack, Inc.

4. On September 7, 2004, Co-Defendant Griffith Express, Inc. d/b/a Broadway Express, picked up the machine from Polypack's facility in Pinellas Park, Florida pursuant to bill of lading contract attached to Plaintiff's Complaint as Exhibit B. The cargo was owned by Polypack.

5. Polypack, as the owner and shipper of the machine, had a duty to properly load, strap, and brace the machine for safe and secure interstate transportation.

6. Based upon information and belief, Polypack failed in its duty to properly load, strap, and brace the machine for safe and secure interstate transportation.

7. On or about September 10, 2005, Broadway Express attempted delivery of the machine to CCL Custom Manufacturing in Cumberland, Rhode Island.

8. The machine was refused by the consignee, CCL Custom Manufacturing, because it arrived in a damaged condition.

9. On April 13, 2005, Plaintiff filed a Complaint against Hilldrup for the alleged damage to the machine.

10. To the extent that Plaintiff prevails in its theory against Hilldrup, Hilldrup contends that Defendant Polypack was negligent in failing to properly load and brace the machine prior to tendering it to Broadway Express for transportation.

WHEREFORE, Defendant/Third Party Plaintiff Hilldrup Transfer and Storage, Inc. demands Judgment against Defendant Polypack, Inc. as follows:

(1) That Judgment be entered against Polypack, Inc. in the amount of $53,510.90.

(2) That Hilldrup be awarded its costs and attorney's fees in this action; and

(3) That Hilldrup be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,
*Hilldrup Moving and Storage, Inc.*
By its Attorneys,

Jason C. Preciphs, Esq. #6727
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset St.
Providence, RI 02903-2808
Tel: 401-521-7000
Fax: 401-521-1329

John T. Husk, Esq., VSB #32801
Seaton & Husk, L.P.
2240 Gallows Road
Vienna, VA 22182
Tel: 703-573-0700
Fax: 703-573-9786

C:\Seaton&Husk\Law\Hilldrup\CCL Custom Manufacturing\answer-first amended complaint.wpd
3878-2/276971

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT was served via U.S. Mail Postage Prepaid upon the following parties this 22nd day of September, 2005.

Karen A. Pelczarski, Esq.
Mary Cavanagh-Dunn
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
Tel: 401-831-8900
Fax: 401-751-7542

Thomas C. Plunkett, Esq.
Kiernan, Plunkett & Redihan
The Remington Bldg.
91 Friendship St.
Providence, RI 02903

Charles S. Beal, Esq.
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence, RI 02903

Sarah L. Fifield
Dombroff & Gilmore
40 Broad St., Suite 2000
New York, NY 10004-2381