SCANNED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CCL CUSTOM MANUFACTURING, INC.,**

**VS.** **CIV NO. 05-219S**

**HILLDRUP COMPANIES, INC., a/k/a HILLDRUP TRANSFER & STORAGE INC., GRIFFITH TRUCKING, INC., d/b/a BROADWAY EXPRESS AND POLYPACK, INC.**

**DEFENDANT, GRIFFITH TRUCKING, INC., d/b/a BROADWAY EXPRESS' ANSWER AND CROSS CLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

As and for an Answer to plaintiff's First Amended Complaint with Cross Claims, defendant GRIFFITH TRUCKING, INC. d/b/a BROADWAY EXPRESS by its attorneys, Kiernan, Plunkett & Redihan and Dombroff & Gilmore, P.C., states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Denies the allegations contained in paragraph 3 except admits that Griffith Trucking is an Illinois corporation, doing business in the State of Illinois.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and refers all questions of law to the Court for determination.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and refers all questions of law to the Court for determination.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Denies the allegations in paragraph 11 except admits that a Bill of Lading for the transportation of certain equipment was issued on or about September 7, 2004, a copy of which is annexed hereto as Exhibit A.

12. Denies the allegations in paragraph 12 except admits that Griffith Trucking transported certain equipment from Florida to Rhode Island pursuant to a duly issued Bill of Lading.

13. Denies the allegations contained in paragraph 13 except admits that, following the shipper's refusal to accept delivery, Griffith Trucking did transport the plaintiff's cargo to its facility in Illinois.

14. Denies knowledge or information sufficient to form a belief as to the truth of the the allegations in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the the allegations contained in paragraph 18 except admits that Griffith Trucking's insurance carrier did receive a claim for the damage which is the subject of Plaintiff's First Amended Complaint.

19. Denies the allegations contained in paragraph 19 except admits that Griffith Trucking's insurance carrier did deny plaintiff's claim and did state as part of the denial that the load was not sufficiently secured.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 except admits that Griffith Trucking's insurance provider has denied the plaintiff's subject claim.

**COUNT I.**

21. Griffith Trucking repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "20" in response hereto as though fully set forth at length herein.

22. The allegations in paragraph 22 are not directed toward Griffith Trucking and thus no response is required. To the extent facts are alleged against Griffith Trucking, they are denied.

23. The allegations in paragraph 23 are not directed toward Griffith Trucking and thus no response is required. To the extent facts are alleged against Griffith Trucking, they are

denied.

24. The allegations in paragraph 24 are not directed toward Griffith Trucking and thus no response is required. To the extent facts are alleged against Griffith Trucking, they are denied.

25. Denies the allegations contained in paragraph 25.

**COUNT II.**

26. Griffith Trucking repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "25" in response hereto as though fully set forth at length herein.

27. The allegations in paragraph 27 are not directed toward Griffith Trucking and thus no response is required. To the extent facts are alleged against Griffith Trucking, they are denied.

28. The allegations in paragraph 28 are not directed toward Griffith Trucking and thus no response is required. To the extent facts are alleged against Griffith Trucking, they are denied.

29. The allegations in paragraph 29 are not directed toward Griffith Trucking and thus no response is required. To the extent facts are alleged against Griffith Trucking, they are denied.

**COUNT III.**

30. Griffith Trucking repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "29" in response hereto as though fully set forth at length herein.

31. Denies the allegations in paragraph 31.

32. Denies the allegations in paragraph 32(1) through (5).

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

33. The First Amended Complaint fails to state a cause of action upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

34. The Court lacks jurisdiction over the person for failure to properly effect service of process on this defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

35. All or part of the damages allegedly sustained by the plaintiff was caused in whole or in part by the culpable conduct of the plaintiffs, and plaintiffs' damages, if any, should be diminished in accordance with that degree of culpability and fault.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

36. All or part of the damages allegedly sustained by the plaintiff was caused solely by the separate, independent and/or negligent actions or inactions of third persons over whom defendant Griffith Trucking exercised no control and, therefore, said actions or inactions bar or diminish plaintiffs claim for damages against defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

37. Plaintiff assumed the risk of any alleged damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

38. All of plaintiffs' damages, if any, are limited in accordance with the limitations of liability set forth in all applicable bills of lading. (A true and accurate copy of the Bills of Lading is annexed as Exhibit A).

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

39. Plaintiff's claims, if any, are preempted by, and subject exclusively to, the terms, conditions and limitations imposed under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 11707 et seq.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

40. The rights and obligations of the parties are subject to the terms and limitations of the contract between the parties.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

41. The rights and obligations of the parties are subject to the terms, conditions and limitations of the applicable tariff.

**AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS HILLDRUP TRANSFER & STORAGE AND POLYPACK,INC.**

42. If the plaintiff was caused to sustain the damages set forth in the First Amended Complaint through any negligence or acts, omissions and/or breaches of duty other than the plaintiff's own, such damages were sustained in whole or in part by reason of the acts, omissions and/or breaches of duty of HILLDRUP TRANSFER & STORAGE AND POLYPACK,INC. If there is any verdict or judgment recovered against GRIFFITH TRUCKING, GRIFFITH TRUCKING will be damaged thereby and HILLDRUP TRANSFER & STORAGE AND POLYPACK,INC. will be bound to indemnify GRIFFITH TRUCKING for the entire amount of any such recovery or for such proportionate share thereof as is attributable to the culpable conduct and breach of duty by HILLDRUP TRANSFER & STORAGE AND POLYPACK,INC.

**WHEREFORE,** defendant Griffith Trucking, Inc. d/b/a Broadway Express demands judgment against plaintiffs on all of its claims, dismissing the complaint with prejudice, together with judgment in favor of Griffith Trucking, Inc. d/b/a Broadway Express on its cross-claims, and granting costs and such other relief as the Court deems equitable and just.

Dated: September 27, 2005

KIERNAN, PLUNKETT & REDIHAN

By: ______________________
Thomas C. Plunkett, Esq.(1662)
91 Friendship Street
Providence, R.I. 02903
Telephone: (401) 831-2900

DOMBROFF & GILMORE

40 Broad Street, Suite 2000
New York, N.Y. 10004
Telephone: (212) 742-8450

Attorneys for Defendant
Griffith Trucking, Inc. d/b/a
Broadway Express

To Karen A. Pelczarski, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

John T.Husk, Esq.
Law Office of Seaton & Husk
2240 Gallows Road
Vienna, VA 22182

Charles S. Beal, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

Jason C. Preciphs, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated: September 28, 2005

B Del Signore